An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA26-74

Filed 1 July 2026

North Carolina Industrial Commission, No. 22-711411

JEFFREY PEACE, Employee, Plaintiff,

v.

BG STAFFING, LLC, d/b/a BG MULTIFAMILY, Employer, ZURICH AMERICAN INSURANCE CO., Carrier (GALLAGHER BASSETT SERVICES, INC., Third-Party Administrator), Defendants.

Appeal by plaintiff from order entered 18 November 2025 by North Carolina Industrial Commission. Heard in the Court of Appeals 3 June 2026.

*Jeffrey Alan Peace, pro se plaintiff-appellant.*

*Hedrick Gardner Kincheloe & Garofalo LLP, by Charlie E. Vail and Samuel E. Barker, for defendants-appellees.*

FLOOD, Judge.

Plaintiff Jeffrey Alan Peace appeals from the North Carolina Industrial Commission's (the "Full Commission") order denying his workers' compensation claim. On appeal, Plaintiff argues the Full Commission: first, "abused its discretion and violated due process by denying Plaintiff's motion[s] to reopen the record to admit newly discovered, material medical evidence bearing directly on causation and

disability"; second, "erred as a matter of law by disregarding competent, uncontroverted medical evidence establishing medical causation, injury severity, and ongoing disability arising from [a] January 5, 2022 work injury"; third, "improperly assessed Plaintiff's credibility by ignoring consistent sworn testimony and corroborating documentary evidence while crediting contradictory and internally inconsistent defense testimony"; fourth, "erred by concluding Plaintiff failed to provide timely notice of injury despite undisputed evidence of actual notice under N.C.[G.S.] § 97-22"; fifth, "erred in its findings regarding Plaintiff's employment status, termination, and wage-loss causation by disregarding evidence that Plaintiff remained willing to work but was denied employment due to injury"; and sixth, "erred by ignoring financial, billing, and collection records that corroborate injury severity, continuity of treatment, and employer-caused delay in medical authorization." Upon careful review, we conclude the Full Commission, first, did not abuse its discretion in denying Plaintiff's motions to admit new evidence where the evidence was available before the submission deadline and does not affect the Full Commission's three-month period of findings; second, did not err in its decision regarding medical causation where Plaintiff did not establish the injury was "by accident"; third, did not improperly assess Plaintiff's credibility where Plaintiff submitted inconsistent dates and testimony; and fourth, did not make a finding that Plaintiff failed to provide timely notice. Furthermore, we conclude Plaintiff abandoned his fifth argument by failing to challenge any findings of fact, and finally, the Full Commission did not err

regarding Plaintiff's financial records where Plaintiff failed to establish the injury was "by accident."

## I. <u>Factual and Procedural Background</u>

On 5 January 2022, Plaintiff was working for Defendant BG Staffing, LLC in a maintenance position. On that day, Plaintiff alleges he was moving "a 50-to-100-pound water heater" at a complex called Southpoint Crossing. According to Plaintiff, "the water heater fell off the dolly and into Plaintiff's arms[,] causing him to twist and make an awkward movement which resulted in pain in his shoulders." Plaintiff alleges he informed Chris McCullins, "a supervisor at Southpoint Crossing, that he injured his arm from moving the hot water heater and that he could not move anything else[,]" and McCullins instructed him to call his employer to report the injury. Plaintiff later testified that he called "Katy Boone, who he believed to be a representative" of Defendant, and "was told to go home and wait for her to call him the next day" because they needed to "complete paperwork" prior to Plaintiff receiving medical treatment. Plaintiff claimed he never received the paperwork.

On 21 January 2022, after Plaintiff failed to arrive to work on time or at all for several days, Defendant informed Plaintiff that "we cannot staff you any longer" due to "recurring attendance issues[,]" which had been discussed "multiple times." Plaintiff eventually sought treatment on his own on 12 February 2022 and sent a text message to Defendant, stating, "I think I might [have] hurt my shoulders when [I] was at [S]outhpoint [C]rossing[.] [I]t [has] been hurting ever since[.]"

On 16 May 2022, Whitney Peters, a staffing coordinator for Defendant at the time, completed a "First Report of Injury" form, providing, in relevant part:

> [Plaintiff] reported via text message on Saturday, 2/12 that he believed he had sustained an injury to his shoulder when he was working at Southpoint Crossing (on assignment there from 10/11/2021 to 1/7/2022 when he was asked to leave due to attendance issues). He was working at Mariners Crossing at the date he's claiming the incident occurred in his lawyers' paperwork (1/12), so it is possible he mixed the two[.]

Over a year later, on 23 June 2023, Plaintiff completed a "Form 18, Notice of Accident to Employer and Claim of Employee, Representative, or Dependent," regarding the incident, stating the injury occurred on 12 January 2022. Over another year later, on 17 September 2024, Plaintiff completed another Form 18, "providing notice of an injury on January 5, 2022[.]" On 20 September 2024, Plaintiff filed two more Form 18s, "providing notice of an injury on July 22, 2022[.]" Between 23 September 2024 and 23 October 2024, Plaintiff filed multiple Form 18s and amended Form 18s, with various notice of injury dates, including "February 12, 2022, April 13, 2022, June 16, 2023, July 20, 2023, June 16, 2024, and August 15, 2024."

On 27 September 2024, Deputy Commissioner Robert J. Harris held a hearing on Plaintiff's matter. Deputy Commissioner Harris found

> the preponderance of the competent, credible evidence of record in this matter does not support a finding that Plaintiff sustained an injury by accident and/or specific traumatic incident arising out of and in the course of his employment with Defendant[] on or about January 5, 2022. As such, no compensation is payable in this claim. As

grounds for this finding, the undersigned specifically and particularly notes the lack of any written report from Plaintiff to Defendant[] of any alleged incident, despite multiple opportunities to have easily done so, for over a month following the alleged date of injury, as well as the medical records from the several medical visits in February 2022 containing no mention of any alleged incident.

Plaintiff appealed to the Full Commission. While the appeal was pending, but after the evidence submission deadline of 13 January 2025, Plaintiff filed several motions to reopen the record "to admit newly discovered medical evidence not previously available at the time of the September 27, 2024" hearing. Plaintiff sought to admit the following medical evidence: a letter from Dr. Donald Gardner, dated 10 October 2024; a letter from Dr. Ryan Li, dated 18 November 2022; and an RFC Form completed by Dr. Donald Gardner dated 25 September 2024. With these motions, Plaintiff also submitted an affidavit, explaining that Dr. Gardner's letter states that Plaintiff's "injuries are directly linked by Dr. Gardner to the work-related lifting incident on January 5, 2022"; Dr. Li's letter "[c]onfirms Plaintiff was injured on January 5, 2022, while lifting a hot water heater[,]" which "[c]ontradicts Deputy Commissioner Harris's Finding of Fact that no injury mechanism was reported during early medical visits"; and Dr. Gardner's RFC Form "[d]ocuments severe functional limitations consistent with ongoing work-related disability[.]"

Defendants responded, claiming, *inter alia*, "[s]ubmission of the documentation would violate Defendants' right to due process because the documents Plaintiff seeks to introduce are unauthenticated"; "Defendants have not had a chance to question

the witnesses to establish the proper facts under which the opinions were rendered, or whether they meet the standard for expert testimony"; "the evidence Plaintiff currently seeks to submit was available to him prior to the January 13, 2025, deadline as indicated by the dates of the documents, and he failed to timely and properly submit it to the record"; and "[e]vidence of medical treatment that occurred this year is not relevant to the issues heard before Senior Deputy Commissioner Harris on September 27, 2024."

On 18 November 2025, the Full Commission denied Plaintiff's motions and concluded that Plaintiff "failed to meet his burden of proving, by a preponderance of the evidence in view of the entire record, that he sustained a compensable injury by accident, a specific traumatic incident to his back, or an aggravation of a preexisting back condition on or about January 5, 2022[.]" It concluded that since "Plaintiff failed to prove a compensable injury by accident, the [Full] Commission does not address disability, medical compensation, or average weekly wage." The Full Commission denied Plaintiff's claim, and Plaintiff timely appealed.

## II. **Jurisdiction**

This Court has jurisdiction to review Plaintiff's appeal pursuant to N.C.G.S. §§ 7A-29 and 143-293 (2023).

## III. **Analysis**

On appeal, Plaintiff argues the Full Commission (A) "abused its discretion and violated due process by denying Plaintiff's motion[s] to reopen the record to admit

newly discovered, material medical evidence bearing directly on causation and disability"; (B) "erred as a matter of law by disregarding competent, uncontroverted medical evidence establishing medical causation, injury severity, and ongoing disability arising from the January 5, 2022 work injury"; (C) "improperly assessed Plaintiff's credibility by ignoring consistent sworn testimony and corroborating documentary evidence while crediting contradictory and internally inconsistent defense testimony"; (D) "erred by concluding Plaintiff failed to provide timely notice of injury despite undisputed evidence of actual notice under N.C.[G.S.] § 97-22"; (E) "erred in its findings regarding Plaintiff's employment status, termination, and wage-loss causation by disregarding evidence that Plaintiff remained willing to work but was denied employment due to injury"; and (F) "erred by ignoring financial, billing, and collection records that corroborate injury severity, continuity of treatment, and employer-caused delay in medical authorization." We address each argument, in turn.

### A. Motions to Reopen the Record

Plaintiff argues the Full Commission "abused its discretion and violated due process by denying Plaintiff's motion[s] to reopen the record to admit newly discovered, material medical evidence bearing directly on causation and disability." We disagree.

"Whether the [Full] Commission considers new evidence is a matter within its sound discretion." *Andrews v. Fulcher Tire Sales & Serv.*, 120 N.C. App. 602, 606

(1995). "In determining whether to accept new evidence, the [Full] Commission must consider the relative prejudices to the parties, the reasons for not producing the evidence at the first hearing, the nature of the testimony, and its probable effect upon the conclusion reached." *Id.* (citation and internal quotation marks omitted).

We cannot say the Full Commission abused its discretion in denying Plaintiff's motions to admit evidence where: the letters and form Plaintiff sought to admit were all dated prior to the 13 January 2025 evidence submission deadline; the Full Commission found, and Plaintiff does not challenge, that "Plaintiff's *initial* reports to medical providers" denied "any trauma or incident causing his injuries for approximately *three months* following the alleged accident[,]" and the evidence Plaintiff sought to introduce was dated at least three months past the alleged injury date. (Emphasis added.) Accordingly, we affirm the Full Commission's denial. *See id.*

## B. Medical Causation

Plaintiff next argues that the Full Commission "erred as a matter of law by disregarding competent, uncontroverted medical evidence establishing medical causation, injury severity, and ongoing disability arising from the January 5, 2022 work injury." Specifically, Plaintiff points to several pieces of medical evidence of his injury and contends that Defendants "offered no expert testimony disputing causation, the need for surgery, or the persistence of Plaintiff's impairments[,]" thus arguing the Full Commission "misapprehended the record and applied an incorrect legal standard." We disagree.

Our review of the Full Commission's order "is limited to two questions of law: (1) whether there was any competent evidence before the [Full] Commission to support its findings of fact; and (2) whether the findings of fact of the [Full] Commission justify its legal conclusion and decision." *Taylor v. N.C. Dep't of Corr.*, 88 N.C. App. 446, 448 (1988) (citation omitted). "[T]he findings of fact of the [Full] Commission shall be conclusive if there is any competent evidence to support them." N.C.G.S. § 143-293 (2023). "Unchallenged findings of fact are binding on appeal." *Jones v. N.C. Dep't of Pub. Safety*, 293 N.C. App. 611, 615 (2024) (citation omitted). The Full Commission's "[c]onclusions of law are reviewed de novo." *Id.* (citation omitted). "Under a de novo review, the reviewing court considers the matter anew and freely substitutes its own judgment for the [Full Commission.]" *eDealer Servs., LLC v. N.C. Dep't of Transp.*, 293 N.C. App. 27, 33 (2024) (citation modified).

"Under the Workers' Compensation Act, an 'injury' is compensable when it is (1) by accident, (2) arising out of employment, and (3) in the course of employment." *Sprouse v. Mary B. Turner Trucking Co., LLC*, 384 N.C. 635, 643 (2023) (citation and internal quotation marks omitted). Relevant here, "[t]he North Carolina Work[er's] Compensation Act does not provide compensation for injury, but only for injury by accident." *Harding v. Thomas & Howard Co.*, 256 N.C. 427, 428 (1962). "An accident is an 'unlooked for event' and implies a result produced by a 'fortuitous cause.'" *Lineback v. Wake Cnty. Bd. of Comm'rs*, 126 N.C. App. 678, 681 (1997) (quoting *Cody v. Snider Lumber Co.*, 328 N.C. 67, 70 (1991)). "If an employee is injured while

carrying on his usual tasks in the usual way the injury does not arise by accident[,]" *Gunter v. Dayco Corp.,* 317 N.C. 670, 673 (1986); "[h]owever, if an interruption of the work routine occurs introducing unusual conditions likely to result in unexpected consequences, an accidental cause will be inferred[,]" *Lineback*, 126 N.C. App. at 681.

"The claimant in a workers' compensation case bears the burden of initially proving each element of compensability, including a causal relationship between her injury and a work-related incident." *Sprouse*, 384 N.C. at 643. "To establish sufficient causation when complicated medical questions are involved, expert testimony that meets 'the reasonable degree of medical certainty standard necessary to establish a causal link' must be presented." *Id.* at 644 (quoting *Holley v. ACTS, Inc.*, 357 N.C. 228, 234 (2003)). Furthermore, "because the [Full] Commission 'is the sole judge of the credibility of the witnesses and the weight to be given to their testimony,' it may 'accept or reject the testimony of a witness solely on the basis of whether it believes the witness or not.'" *Id.* at 644 (quoting *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 595 (1982)).

Here, the Full Commission made the following, relevant findings of facts relating to causation:

> 4. Plaintiff testified that he informed Chris McCullins, a supervisor at Southpoint Crossing, that he injured his arm from moving the hot water heater and that he could not move anything else. . . .
>
> . . . .

10. On February 12, 2022, at approximately 3:55 p.m., Plaintiff sent a text message to Defendant[] stating, "I think I might [have] hurt my shoulders when [I] was at [S]outhpoint [C]rossing[.] [I]t [has] been hurting ever since[.]"

11. On February 12, 2022, at approximately 4:35 p.m., Plaintiff presented to the WakeMed Brier Creek Healthplex Emergency Department where he was treated by Eric Mtchello Lefebvre, M.D. The History of Present Illness section of the Emergency Department note states that Plaintiff "[w]orks doing construction remodeling in an apartment center. *Has been doing a lot of overhead work.* He notes he has had 2 weeks of bilateral shoulder pain mostly in the trapezius muscles worse with range of motion." Dr. Lefebvre assessed Plaintiff with left and right trapezius muscle strains.

12. On February 15, 2022, Plaintiff presented to Sean Christopher Russell, PA-C, at Wake Orthopaedics with consistent bilateral shoulder pain that started two weeks prior. Plaintiff further reported that he worked in construction and had been doing a lot of overhead activities and *denied any particular trauma.* Plaintiff was assessed with bilateral shoulder impingement and underwent a steroid injection.

13. Later in the day on February 15, 2022, Plaintiff presented to the WakeMed North Hospital Emergency Department with non-traumatic persistent bilateral shoulder pain following an "exertional injury at work." Plaintiff was prescribed methocarbamol and ibuprofen and provided a referral to orthopedics.

. . . .

15. On February 23, 2022, Plaintiff presented to Ryan T. Li, M.D., at Wake Orthopaedics for an evaluation of right shoulder pain. The office note stated that Plaintiff "ha[d] been doing a lot of overhead activities. *He denies any acute injury or inciting event.*" Dr. Li diagnosed Plaintiff with

right shoulder bursitis, biceps tendinitis, prescribed Plaintiff meloxicam, and referred Plaintiff to physical therapy.

. . . .

25. On or about September 23, 2024, Plaintiff filed two amended Form 18s[,] both providing notice of an accident on January 5, 2022. Both Form 18s noted the injuries involved Plaintiff's neck, bilateral shoulders, bilateral hips, and posttraumatic stress disorder ("PTSD"). One Form 18 also included hands, knees, and elbow, while the other Form 18 also included midspine, lower spine, right wrist, and right thumb. Both Form 18s included a description of the injury occurring when a hot water heater Plaintiff was helping carry fell towards Plaintiff.

26. On or about September 26, 2024, Plaintiff filed seven amended Form 18s . . . . The Form 18s list different dates of injury: February 12, 2022, April 13, 2022, June 16, 2023, July 20, 2023, June 16, 2024, and August 15, 2024 (listed on two Form 18s). The Form 18s list different injuries and body parts injured including: left shoulder, right shoulder, right hand and wrist, chest pain, pinched nerve in neck, lower sciatica, lower spine, PTSD, memory loss, carpal tunnel, trigger index finger, neck pain, cervical spondylosis, elbow pain, impingement of bilateral shoulders, bilateral sciatica, and restless leg syndrome. The Form 18s all contain a similar description of how the injuries occurred—a hot water heater fell towards him while he was helping carry it up some stairs.

. . . .

31. Katherine ("Katy") Boone testified that on January 5, 2022, she was a multi-site community manager for Related Management Company and oversaw the day-to-day operations . . . . When asked if she recalled Plaintiff calling her and reporting a work injury, Ms. Boone stated, "I would likely remember something like that, but I do not recall that." Ms. Boone further testified that she did not have any

dealings with a Chris McCullens as a maintenance supervisor and that the maintenance supervisor/service manager at Mariner's Crossing and the other site she managed was Robert Keener. The Full Commission find[s] Ms. Boone's testimony to be credible.

32. [Whitney Peters, an employee of Defendant,] testified that she was the primary point of contact for employees on assignment in the Raleigh-Durham area, which included Plaintiff. She further testified that she completed the May 17, 2022, incident report after being asked by the Human Resources department to draft it based on the information she had on hand because Defendant[] did not have a record of the injury. Ms. Peters stated that she got the date of injury from a letter Defendant[] received from Plaintiff's former counsel's office, but she wrote "not sure where" for the location of the injury because the information in the letter from Plaintiff's former counsel's office did not match the site Defendant[] had record of Plaintiff being at on that date. Ms. Peters further testified that she did not have any recollection of an injury involving Plaintiff on January 5, 2022, and she had to do research to fill out the form and did not know about the February 12, 2022, text message until May 2022.

. . . .

34. Given Plaintiff's initial reports to medical providers denying any trauma or incident causing his injuries for approximately three months following the alleged accident, as well as reporting to the medical providers that he was doing a lot of overhead activity at work; Ms. Boone's and Ms. Peters' credible testimony that they did not recall communication with Plaintiff regarding an incident involving a hot water heater; Plaintiff's numerous Form 18s referencing different dates of injury and injuries, the Full Commission finds that Plaintiff lacks credibility and gives no weight to Plaintiff's testimony regarding the mechanism of his injury. Further, based on the preponderance of the evidence in view of the entire record, the Full Commission finds that Plaintiff did not sustain an

injury by accident or specific traumatic incident on or about
January 5, 2022[.]

Plaintiff does not challenge any of these findings of fact, and thus, these findings are binding on appeal. *See Jones*, 293 N.C. App. at 615. Plaintiff argues Defendants "offered no expert testimony disputing causation, the need for surgery, or the persistence of Plaintiff's impairments[,]" and thus the Full Commission erred by "disregarding competent, uncontroverted medical evidence establishing medical causation";[1] however, it is Plaintiff's burden to establish the injury was "by accident." *See Sprouse*, 384 N.C. at 643; *Lineback*, 126 N.C. App. at 681. Although Plaintiff provided undisputed medical evidence of an *injury*, there is competent evidence to support the Full Commission's finding that this injury was not "an injury by accident." *See Bigelow v. Tire Sales Co.,* 12 N.C. App. 220, 222 (1971) ("[T]he mere fact of injury does not of itself establish the fact of accident."). Accordingly, we hold the Full Commission did not "misapprehend[] the record," apply an "incorrect legal standard," nor err in concluding Plaintiff failed to meet his burden to establish his injury arose by accident.

## C. Plaintiff's Credibility

---

[1] Plaintiff cites to a "*Pennington v. Weyerhaeuser Co.*, 178 N.C. App. 727, 731, 632 S.E.2d 8, 11 (2006)" within his argument for the proposition that "[t]he Industrial Commission is not permitted to selectively credit evidence while ignoring competent, uncontroverted medical records that establish causation, severity, and persistence of a work-related injury[.]" Upon diligent research, however, this case does not appear to exist. The closest rule to this non-existing case is that "even though the [Full] Commission may choose not to believe some evidence, it cannot 'wholly disregard or ignore competent evidence' and must at least consider and evaluate all of the evidence before rejecting it." *Pittman v. Int'l Paper Co.*, 132 N.C. App. 151, 156, *aff'd*, 351 N.C. 42 (1999).

Plaintiff next argues the Full Commission "improperly assessed Plaintiff's credibility by ignoring consistent sworn testimony and corroborating documentary evidence while crediting contradictory and internally inconsistent defense testimony." Specifically, Plaintiff contends Defendant's testimony was internally inconsistent, and the Full Commission "failed to reconcile these conflicts or explain why Plaintiff's sworn, corroborated testimony was rejected while contradictory testimony was accepted." We disagree.

As explained above, because the Full Commission "is the sole judge of the credibility of the witnesses and the weight to be given to their testimony, it may accept or reject the testimony of a witness solely on the basis of whether it believes the witness or not." *Sprouse*, 384 N.C. at 644 (citations and internal quotations omitted). Finding of Fact 34 stated, in part, "the Full Commission finds that Plaintiff lacks credibility and gives no weight to Plaintiff's testimony regarding the mechanism of his injury[.]" The Full Commission based its finding on Plaintiff's initial reports "denying any trauma or incident causing his injuries for approximately three months following the alleged accident," his "numerous Form 18s referencing different dates of injury and injuries[,]" and "Ms. Boone's and Ms. Peters' credible testimony that they did not recall communication with Plaintiff regarding an incident involving a hot water heater[.]" Accordingly, Plaintiff's argument is overruled.

**D. Timely Notice**

Plaintiff next argues the Full Commission "erred by concluding Plaintiff failed to provide timely notice of injury despite undisputed evidence of actual notice under N.C.[G.S.] § 97-22." We disagree.

Pursuant to N.C.G.S. § 97-22,

> [e]very injured employee or his representative shall immediately on the occurrence of an accident, or as soon thereafter as practicable, give or cause to be given to the employer a written notice of the accident, and the employee shall not be entitled to physician's fees nor to any compensation which may have accrued under the terms of this Article prior to the giving of such notice, unless it can be shown that the employer, his agent or representative, had knowledge of the accident, or that the party required to give such notice had been prevented from doing so by reason of physical or mental incapacity, or the fraud or deceit of some third person; but no compensation shall be payable unless such written notice is given within 30 days after the occurrence of the accident or death, unless reasonable excuse is made to the satisfaction of the Industrial Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby.

N.C.G.S. § 97-22 (2023).

Here, the Full Commission did not make any finding that Plaintiff provided *untimely* notice; instead, the only finding the Full Commission made related to notice was in a footnote, stating: "Given the email and screenshots, the Full Commission finds based on the preponderance of the evidence that Plaintiff first notified Defendant[] of the alleged injury on February 12, 2022." Because the Full

Commission did not make a finding that Plaintiff *failed* to provide timely notice, this argument is overruled.

**E. Plaintiff's Employment Status, Termination, and Wage-Loss Causation**

Plaintiff next argues the Full Commission "erred in its findings regarding Plaintiff's employment status, termination, and wage-loss causation by disregarding evidence that Plaintiff remained willing to work but was denied employment due to injury." Plaintiff, however, neither challenges nor relies on any findings made by the Full Commission to argue this matter, and thus, this argument is abandoned. *See* N.C. R. App. P. 28(b)(6) (providing that "[i]ssues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned").

**F. Financial, Billing, and Collection Records**

Plaintiff finally argues the Full Commission "erred by ignoring financial, billing, and collection records that corroborate injury severity, continuity of treatment, and employer-caused delay in medical authorization." Specifically, Plaintiff contends that "[b]y failing to consider Plaintiff's financial, billing, and collection records, [t]he [Full] Commission misapprehended the evidence and rendered findings unsupported by [t]he whole record." We disagree.

As discussed above, it is Plaintiff's burden to establish the injury was "by accident." *See Sprouse*, 384 N.C. at 643; *Lineback*, 126 N.C. App. at 681. Although Plaintiff provided undisputed medical evidence of an *injury*, there is competent evidence to support the Full Commission's finding that this injury was not "an injury

by accident," *see Bigelow,* 12 N.C. App. at 222 ("[T]he mere fact of injury does not of itself establish the fact of accident."); thus, Plaintiff's claim is not compensable, *see Harding*, 256 N.C. at 428. Accordingly, this argument is overruled.

## V. <u>Conclusion</u>

Upon careful review, we conclude the Full Commission, first, did not abuse its discretion in denying Plaintiff's motions to admit new evidence where the evidence was available before the submission deadline and does not affect the Full Commission's three-month period of findings; second, did not err in its decision regarding medical causation where Plaintiff did not establish the injury was "by accident"; third, did not improperly assess Plaintiff's credibility where Plaintiff submitted inconsistent dates and testimony; and fourth, did not make a finding that Plaintiff failed to provide timely notice. Furthermore, we conclude Plaintiff abandoned his fifth argument by failing to challenge any findings of fact, and finally, the Full Commission did not err regarding Plaintiff's financial records where Plaintiff failed to establish the injury was "by accident."

AFFIRMED.

Judges TYSON and WOOD concur.

Report per Rule 30(e).